IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENTES WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-984-NJR-DGW |
| | ) |
| ADAM RAKERS and | ) |
| MISTY THOMPSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 39), which recommends denying the motion for summary judgment on the issue of exhaustion of administrative remedies filed by Defendants Adam Rakers and Misty Thompson (Doc. 22). None of the parties filed an objection to the Report and Recommendation. For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation and denies the motion for summary judgment.

Plaintiff Kentes West, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights (Doc. 1). He is proceeding in this matter on an excessive force claim against Defendant Rakers for slamming his hand in a metal food slot on August 4, 2015. He is also proceeding on a

deliberate indifference claim against Defendants Rakers and Thompson for refusing to provide him with medical care to treat the injuries to his hand.

Defendants Rakers and Thompson filed a motion for summary judgment on August 9, 2017, arguing that West failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act (Doc. 22). West filed a response in opposition to the motion (Doc. 28). In accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion (Doc. 30). Magistrate Judge Wilkerson then issued the Report and Recommendation currently before the Court, in which he recommends denying the motion for summary judgment (Doc. 39). Objections to the Report and Recommendation were due on or before February 26, 2017. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). As previously mentioned, no objections were filed.

Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation.

Following this review, the undersigned fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

The day after West's hand was allegedly slammed in the food slot at Menard, he was transferred to Stateville Correctional Center on a temporary writ (Doc. 35, p. 6). Several days later, he drafted an emergency grievance about the incident (Doc. 23-2, pp. 4–5). He submitted the grievance directly to the Administrative Review Board ("ARB") (*Id.*). *See* ILL. ADMIN. CODE, TITLE 20, § 504.870(a) (2015) ("Offenders shall submit grievances directly to the Administrative Review Board when grieving . . . issues except personal property issues that pertain to a facility other than the facility where the offender is currently assigned."). The ARB received the grievance on August 17, 2015, but returned it to West because it did not include responses from his counselor and the warden (Doc. 23-2, p. 3). West testified that he then mailed the grievance to Menard but it was sent back to him, and he was told that he could not file a grievance at Menard while he was housed somewhere else (Doc. 36). Magistrate Judge Wilkerson found West's testimony credible, and that credibility determination is entitled to deference. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Thus, the grievance process was rendered unavailable to West because neither Menard nor the ARB would accept his grievance while he was housed at Stateville.

Defendants argue that West could have filed another grievance when he was transferred back to Menard (Doc. 23). But there is no evidence that West was guaranteed to return to Menard before the 60-day window for grieving the August 4th incident expired. ILL. ADMIN. CODE, TITLE 20, § 504.810(a) (2015) ("A grievance shall be

filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance."). Additionally, there is no provision in the Administrative Code that requires an inmate to keep trying to file a grievance that the institution previously refused to accept.

The Report and Recommendation (Doc. 39) is **ADOPTED** in its entirety, and Defendants' motion for summary judgment (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 7, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**